Chas. Roush v. Gesman Brothers & Grant, Appellants.

**Contracts in restraint of trade.** An agreement to refrain from
1 doing a real estate and insurance business in a limited territory and for a valid consideration is enforceable.

**Brokerage agency:** TRANSFER. The contract of a real estate agent
2 to transfer to another a list of properties which he has for sale on commission that such other may arrange terms of sale with the owners, is not a transfer of the agency and therefore not objectionable on that ground.

**Commissions:** DIVISION BETWEEN AGENTS: EVIDENCE: VERDICT. In
3 an action between real estate agents for a division of commissions on the sale of farms listed and turned over by the plaintiff to defendants, the court charged that the plaintiff could not recover for the sale by defendants of lands not listed with him by the

owner, but in view of the evidence that a son of the owner of a certain farm was authorized to list the same and in fact listed it with plaintiff, the verdict including a commission for the sale thereof is sustained.

**Admission of evidence:** REVERSIBLE ERROR. A cause will not be re-
4 versed because a witness has been permitted to answer leading questions or to state a conclusion, where it is apparent from the whole evidence that no prejudice resulted, although technically the rulings were incorrect.

*Appeal from Marion District Court.*— HON. EDMUND NICHOLS, Judge.

WEDNESDAY, FEBRUARY 8, 1905.

ACTION at law to recover one-half of the real estate commissions realized by defendants from business turned over to them by plaintiff in pursuance of a contract by which plaintiff was to give up his real estate business to defendants, and refrain from doing such business during the continuance of the contract. Verdict for plaintiff for $440, on which the court rendered judgment for $322.50. From this judgment, defendants appeal.— *Affirmed.*

*Kinkead & Mentzer,* for appellants.

*Bousquet & Lyon* and *Hayes & Amos,* for appellee.

McCLAIN, J.— In June, 1901, plaintiff was in the real estate and insurance business at the town of Monroe, and defendants were opening a rival business of the same character.
1. CONTRACTS IN RESTRAINT OF TRADE.
The evidence tends to show that thereupon the plaintiff and defendants entered into an oral agreement, by which plaintiff was to turn over to defendants what farms he had for sale, and that defendants should pay to the plaintiff one-half of the commissions received for the sale of those farms, in the event they succeeded in selling the same; and, further, that plaintiff would refrain during the continuance of the

contract from doing any real estate business except what was called " Oklahoma business," and defendants should refrain from doing any insurance business.    This contract was valid, for it related to a limited territory (*Swigert v. Tilden,* 121 Iowa, 650), and was based on a valid consideration.    Plaintiff complied with the contract on his part, as the evidence tends to show, for he advised defendants as to the farms which had been listed with him, and refrained from further prosecuting his real estate business until after the arrangement between him and the defendants was abandoned by both parties.    Defendants sought to show on the trial that plaintiff had withheld from defendants information with reference to one farm, and had sought to make sale thereof himself.    But as to this there was conflict in the evidence, and the case was one for the jury.

The contract is attacked by appellant, however, on another ground, to-wit, that plaintiff, as agent for the owners of farms listed with him for sale, could not transfer his authority.    But it does not appear that in the contract he attempted to do so.    What he did undertake to do was to turn over to the defendants his list of properties, in order that defendants might make arrangements for themselves with the owners of these properties, to act as agents for their sale.    This is the construction of the contract indicated by the conduct of the defendants, for they proceeded at once to enter negotiations with the parties whose properties were listed with plaintiff, to secure from them the authority to act as their agents.    The opportunity to do so was a valuable right, which plaintiff could transfer, although he could not assign to the defendants the right to act as his customers' agent in carrying out plaintiff's contracts without the assent of such customers.

2. BROKERAGE AGENCY: transfer.

There was evidence tending to show the sale of four farms by defendants, which had been turned over to them by plaintiff in the method contemplated by the contract, and

that they had received $880 commissions for the sale of these

**3. COMMISSIONS:** four farms. And the jury returned a verdict
division be-
tween agents; for plaintiff for one-half that amount. But
evidence;
verdict.       the court set aside that verdict so far as it
included a share of the commission as to one of these farms,
which, as it appeared by special findings of the jury, had
yielded no commission to the defendants, and judgment was
rendered for $322.50. As to the three farms for which plain-
tiff was allowed to recover one-half the commissions re-
ceived by defendants, there was evidence supporting the
verdict. Complaint is made that as to one of these farms
plaintiff had no authority to sell, because it had been listed
with him by the son of the owner, without the owner's con-
sent. But the court instructed the jury to the effect that
commissions received by defendants in the sale of property
listed by the person having no authority to place such
property in his hands for sale could not be considered, and
we think that there was sufficient evidence to support the
verdict as to this particular farm that the son of the owner
was authorized by his father to list it for sale with an
agent.

No complaint is made of the instructions, and as we
find there was evidence sufficient under the instructions to
support the verdict so far as the court rendered judgment

**4. ADMISSION OF** thereon, we have no occasion to interfere,
EVIDENCE:
reversible     unless it may be on account of certain objec-
error.         tions urged as to the rulings on the introduc-
tion of evidence. We have examined the rulings and the
objections on which they were made, and find nothing
therein which requires extended consideration. They
were, in our judgment, technically correct. But, even
if open to technical objection, such as that questions were
allowed which called for the conclusion of a witness, or were
leading in form, they could not possibly have been preju-
dicial to the defendants under the evidence presented. It
would not be of benefit to any one if we should elaborate

the grounds on which these conclusions are based. They
will be readily understood by counsel.

Finding no prejudicial error in the record, the judg-
ment is *affirmed*.